*In re* DOWNING. *In re* DEMUTH. *In re* KAUFMAN. *In re* ZIMMERN.

(*Circuit Court, S. D. New York.* February 2, 1891.)

CUSTOMS DUTIES—APPRAISERS' DECISION—REVIEW—RETURN.

    The collector assessed a duty of 100 per cent. on the coverings of certain articles, as being "designed to evade duties thereon." The importers protested that they were the usual and necessary coverings of such articles, and, as such, free of duty, or else that they should pay duty according to certain enumerations of the tariff mentioned in the protests. The board of general appraisers sustained the collector's decision. On proceedings to review its action in the circuit court the only facts certified in the return were that the coverings were entered as free, and that the protests were rejected as not being sufficiently specific. *Held,* that the return would be sent back as not being in compliance with Act Cong. June 10, 1890, § 15, requiring the board to return a "certified statement of the facts involved in the case."

At Law.

Motion for further return of board of general appraisers under the act of June 10, 1890, entitled "An act to simplify the laws in relation to the collection of the revenues."

*Charles Curie, W. Wickham Smith,* and *Comstock & Brown,* for petitioners.

*Edward Mitchell,* U. S. Atty., and *Henry C. Platt,* Asst. U. S. Atty., for collector.

LACOMBE, Circuit Judge. In these cases the collector liquidated duty at 100 per cent. *ad valorem* on certain so-called "cases" or "coverings" containing pipes, cigar-holders, opera-glasses, and mathematical instruments. The importers protested, claiming that they were the "usual and necessary coverings" of articles imported and paying duty, and as such were free of duty, or, if not free, that they should pay duty only according to one or other of some half dozen enumerations in the tariff, which were severally referred to in the protests. The collector's contention was that they were dutiable at 100 per cent. under the proviso of the seventh section of the act of 1883, as being "designed to evade duties thereon, or designed for use otherwise than in the *bona fide* trans-

portation of goods to the United States." The board of appraisers sustained the collector's decision that the articles should pay 100 per cent. The importers brought the cases into this court, and the returns of the board of appraisers have been filed. They certify severally that the facts involved in each case, "so far as ascertained by the board of general appraisers, are fully stated in an opinion [thereto annexed.]" Apparently the only fact certified in such opinion is that the coverings were not entered as manufactures of any kind, but were entered as free. It closes with the statement that "the protest, so far from being specific, was intended to be vague and indefinite, in order that a lower rate of duty might be assessed under one of the many paragraphs cited, which might be found applicable. * * * For these reasons the protests under consideration are held to be not sufficiently specific within the meaning of the act of June 10, 1890, and are hereby rejected." There is no certified statement as to whether the articles are or not "usual and necessary coverings;" whether or not they were in a form "designed to evade payment of duties;" whether or not they were designed for use otherwise than in the *bona fide* transportation of goods to United States;" or whether or not they were manufactures of leather or paper, or what not, as claimed in the protests. There has, therefore, been a failure to return a "certified statement of the facts involved in the case," as required by section 15 of the act of 1890. Counsel for the petitioners and the district attorney unite in a motion to send back the return to the board to be completed, contending that neither can safely proceed further in the case without a certification of the facts. The contention is a sound one. The act of 1890 has made no substantial change in the form of protest from that required by the act of 1883, and it is settled law in this circuit that a protest under the earlier act, otherwise sufficient, is not void if multifarious. *Legg* v. *Hedden*, 37 Fed. Rep. 861. The same has been held in the seventh circuit. *Fisk* v. *Seeberger*, 38 Fed. Rep. 718. Upon these returns the court could not hear and determine the questions of law and fact respecting the classification of the merchandise and the rate of duty imposed thereon, for there is nothing to act upon except the form of protest, and the presumption that the collector's decision was correct. There is no provision in the statute for sending a case back for a new decision by the board after a final determination by the court in review of the board's decision as to the protest. The case must be completed before it is presented to the circuit court for determination. Nor is it to be so completed by an order to take further proof. *In re Sternbach*, 44 Fed. Rep. 417. Motion granted.